IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TERA KNOLL, | : | |
|---|---|---|
| Plaintiff | : | Civil Case Number |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, | : | NO. 08-cv-4692 |
| Defendant | : | |

MEMORANDUM

Stengel, J.                                                        January 27, 2010

Plaintiff Tera Knoll was employed by defendant City of Allentown for approximately ten years. She held numerous positions, and, on March 25, 2005, she obtained a position as maintenance worker II for the parks department. On October 13, 2005, she was demoted to her previous position at the parks department, maintenance worker I. Allentown alleges Ms. Knoll was demoted prior to the conclusion of her probationary period because of poor performance and Ms. Knoll's inability to interact well with her co-workers and the public. Ms. Knoll alleges she was demoted because of her gender and in retaliation for her complaints of harassment.

In February 2006, Ms. Knoll was transferred to the Allentown golf course. On March 31, 2006, Ms. Knoll presented Allentown's human resource department with tape recorded conversations between her and a supervisor and her and a superintendent, allegedly evidencing harassment. On April 5, 2006, Allentown terminated Ms. Knoll, alleging she was terminated because she violated Pennsylvania law when she tape recorded the conversations. Ms. Knoll alleges she was terminated because of her gender

and in retaliation for complaining about harassment.

Allentown filed a partial motion for summary judgment.[1] For the reasons set forth below, I will grant Allentown's summary judgment motion regarding Ms. Knoll's claim she was discriminated against when Allentown refused to pay for tree-climbing school, and deny summary judgment for all other claims.

I.  **BACKGROUND**

Ms. Knoll was hired by Allentown in October 1996 as a data entry technician. Plaintiff's Statement of Undisputed Material Facts at ¶ 1-2, Knoll v. City of Allentown, No. 08-4692 (E.D. Pa. filed June 30, 2009) [hereinafter Plaintiff's Statement of Facts]; Defendant's Response to Plaintiff's Statement of Undisputed Facts at ¶ 1-2, Knoll v. City of Allentown, No. 08-4692 (E.D. Pa. filed July 22, 2009) [hereinafter Defendant's Response to Plaintiff's Facts]. In 1996, she began a new position as clerk II in the tax and utility systems department. Plaintiff's Statement of Facts at ¶ 3; Defendant's Response to Plaintiff's Facts at ¶ 3. In August 2003, Ms. Knoll obtained a position with Allentown's parks department as a maintenance worker I. Plaintiff's Statement of Facts at ¶ 4; Defendant's Response to Plaintiff's Facts at ¶ 4.

Ms. Knoll was one of three female employees of the approximately fifty people

---

[1] Allentown does not challenge Ms. Knoll's sexual harassment claim. Defendant's Brief in Support of Motion for Partial Summary Judgment, Knoll v. City of Allentown, No. 08-4692 (E.D. Pa. filed June 5, 2009) [hereinafter Defendant's Memorandum].

employed by the parks department.  Plaintiff's Statement of Facts at ¶ 8-9; Defendant's Response to Plaintiff's Facts at ¶ 8-9.  Ms. Knoll alleges she was harassed by her male co-workers, including incidents where a co-worker pushed her against a wall, co-workers called her a "bitch," a co-worker jabbed her leg with a tool, and co-workers played music describing violence to women.  Plaintiff's Opposition to Defendant's Motion for Summary Judgment at Exh. B at 43-44; 46, 58-60, 65-67, 71, 166-67.  Ms. Knoll repeatedly complained to her supervisors and to human resources concerning the harassment.  See, e.g., Defendant's Motion for Summary Judgment at Exh. A at ¶¶ 16, 19.  After one incident, a female co-worker warned Ms. Knoll not to complained to her supervisors because she would be returned to a position at the Treasury Department.  Plaintiff's Opposition at Exh. B. at 60-61.  In addition, following a different incident, the Parks Department disciplined Ms. Knoll and a co-worker, but refused to listen to Ms. Knoll's version of events prior to issuing the discipline.  Id. at 173-74.

On August 8, 2005, Ms. Knoll was injured when the springs to the trailer connected to her work truck were disconnected.  See Defendant's Motion at Exh. A at ¶ 21.  The trailer fell back, harming her.  Id.  Following this injury, Ms. Knoll took eight weeks of worker's compensation leave.  Plaintiffs Response to Defendant's Motion at Exh. B at 40-41.  On August 8, 2005, Ms. Knoll filed a complaint, alleging her co-workers disconnected the springs.  Defendant's Motion at Exh. A at ¶ 21.

On October 10, 2005, Ms. Knoll was demoted from maintenance worker II to

3

maintenance worker I. Plaintiff's Statement of Facts at ¶ 42; Defendant's Response to Plaintiff's Facts at ¶ 42. Allentown alleges Ms. Knoll held the position as maintenance worker II on a probationary status and was demoted because of poor performance and her inability to work well with co-workers and the public. Defendant's Motion at Exh. C at ¶¶ 5-6.

In February 2006, Ms. Knoll was transferred to the Allentown golf course. Plaintiff's Statement of Facts at ¶ 41; Defendant's Response to Plaintiff's Facts at ¶ 41. At her deposition, Ms. Knoll testified Len Kesserling, the director of human resources, told Ms. Knoll that she was being transferred to protect her, not to punish her. Plaintiff's Response to Defendants Motion at Exh. B at 75.

On April 5, 2006, Allentown terminated Ms. Knoll's employment. Plaintiff's Statement of Facts at ¶ 45; Defendant's Response to Plaintiff's Facts at ¶ 45. Allentown alleges Ms. Knoll was terminated because she had illegally tape recorded conversations between herself and her supervisor Bruce Solt, and between herself and superintendent John Fasolka. Defendant's Motion at Exh. A at ¶¶ 29-31.

II.   **STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it could affect the outcome of the case under the governing law. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. The court must

5

decide not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's version of events against the opponent, even if the quantity of the moving party's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## V. DISCUSSION

### A. Gender Discrimination

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et al., prohibits employment discrimination based on an individual's sex. Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 364 (3d Cir. 2008) (citing 42 U.S.C. § 2000e-2(a)). To establish a prima facie case of gender discrimination, a plaintiff must show "(1) [she] is a member of a protected class; (2) [she] was qualified for the position; (3) [she] was subject to an adverse employment action; (4) under circumstances that give rise to an inference of discrimination."[2] Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).

---

[2] Contrary to Allentown's contention, see Defendant's Memorandum at 15, Ms. Knoll need not identify a similarly situated male employee who received more favorable treatment, see Sarullo v. U. S. Postal Serv., 352 F.3d 789, 797 n.7 (3d Cir. 2003) (noting the plaintiff is not required to show "other similarly situated employees outside [plaintiff's] protected class were more favorably treated under similar circumstances" under the current law).

6

If a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce a legitimate nondiscriminatory reason for the action. Id. The burden then shifts back to the plaintiff to demonstrate this legitimate nondiscriminatory reason is pretext for discrimination. Id.

Allentown does not dispute Ms. Knoll was a member of a protected class, was qualified for the job, and suffered an adverse employment action. Defendant's Memorandum at 14, Knoll v. City of Allentown, No. 05-4692 (E.D. Pa. filed June 5, 2009). Allentown maintains Ms. Knoll fails to establish any adverse employment action gave rise to an inference of discrimination. Id. In addition, Allentown alleges it provided legitimate non-discriminatory reasons for its actions, and Ms. Knoll failed to establish those reasons were pretext for discrimination. Id. at 18.

1. Tree Climbing School

To the extent Ms. Knoll alleges she was discriminated against because Allentown did not send her to tree-climbing school, she fails to establish a prima facie case of gender discrimination. Tree climbing was not a job requirement of a maintenance worker II. Defendant's Motion for Partial Summary Judgment at Exh. D at 12-13. In addition, other maintenance worker II employees were not sent to tree-climbing school. Defendant's Motion for Partial Summary Judgment at Exh. E at 6-7.

Ms. Knoll has presented only her testimony she believes Allentown paid for tree-

7

climbing school for another employee in the maintenance worker II position. Defendant's Partial Motion for Summary Judgment at Exh. B at 268. This is insufficient to rebut the deposition testimony of Bruce Solt, Ms. Knoll's supervisor while she was a maintenance worker II, who stated tree climbing school was required for arborists, not maintenance worker IIs. Defendant's Motion for Partial Summary Judgment at Exh. D at 12-13. In addition, at his deposition, Michael Lutte,[3] employed by Allentown as maintenance worker II, stated he was not sent to tree-climbing school. Defendant's Motion for Partial Summary Judgment at Exh. E at 6-7.

After Allentown presented evidence establishing its refusal to pay for tree-climbing school was not discriminatory, Ms. Knoll failed to "set forth specific facts showing a genuine issue of material fact." See Fed. R. Civ. P. 56(e). Accordingly, I will grant Allentown's motion for summary judgment as to Ms. Knoll's gender discrimination claim based on Allentown's refusal to pay for her tree-climbing school.[4]

### 2. Ms. Knoll's Demotion

Ms. Knoll presents sufficient facts to establish a genuine issue of material fact

---

[3] Many of Ms. Knoll's harassment allegations involve Mr. Lutte. However, this does not make his testimony regarding his training not credible.

[4] Ms. Knoll does not mention Allentown's failure to send her to tree-climbing school in her memorandum in opposition to defendant's motion for summary judgment. See Plaintiff's Memorandum of law in Opposition to Defendant's Motion for Summary Judgment, Knoll v. City of Allentown, No. 08-4692 (E.D. Pa. filed June 30, 2009).

concerning whether she was demoted from maintenance worker II to maintenance worker I because of her gender.

Allentown presents evidence, in the form of an affidavit of John Fasolka, that Ms. Knoll filed numerous, allegedly frivolous, harassment complaints and may have been demoted because of poor work performance and an inability to get along with co-workers and the public. Defendant's Motion for Partial Summary Judgment at Exh. C at ¶ 5; Exh. A. Ms. Knoll, however, was one of only three females in the fifty person department, see Plaintiff's Statement of Facts at ¶ 8; Defendant's Response to Plaintiff's Facts at ¶ 8, and presents evidence she was disliked by the department because she was a female, see, e.g., Plaintiff's Opposition to Defendant's Motion for Summary Judgment at Exh. B at 43-44; 46, 58-60, 65-67, 71, 166-6; Defendant's Motion for Summary Judgment at Exh. B. at 266-67.

At her deposition, Ms. Knoll testified her co-workers harassed her. The harassment included calling her a "bitch," pushing her, and jabbing her. Plaintiff's Opposition at Exh. B at 43-44; 46, 58-60, 65-67, 71, 166-67. Although she complained to her supervisors and human resources, the harassment continued. See id. at 52, 61. Following an incident where a co-worker pushed her, she was warned by another female employee not to tell anyone at the Parks Department because Ms. Knoll would get in trouble and be returned to a position at the Treasury Department. Id. at 60-61. Ms. Knoll alleges, after one incident, her supervisor refused to listen to her version of events prior to

disciplining her. Id. at 173-74. Moreover, prior to her demotion, Ms. Knoll was not informed by the Parks Department that it was not satisfied with her work performance and or that she was in danger of demotion.

Because Allentown and Ms. Knoll present differing testimony, a determination whether Ms. Knoll was demoted because of poor work performance or gender involves issues of credibility, which are for a jury. See Anderson, 477 U.S. at 255. Therefore, Ms. Knoll establishes a genuine issue of material fact regarding whether her demotion occurred under circumstances giving rise to discrimination. See Rouse v. II-VI Inc., 2009 WL 1337144, at *3 (3d Cir. May 14, 2009) ("final credibility determinations on material issues cannot be made in the context of a motion for summary judgment").

Similarly, although Allentown provides a legitimate nondiscriminatory reason for the demotion, i.e., poor work performance and an inability to get along with co-workers and the public, Ms. Knoll's testimony discussed above establishes a genuine issue of material fact regarding whether this reason is pretext for discrimination. Whether Allentown's reason for her demotion was pretext is a material issue which involves a determination of credibility, which is for a jury. See Anderson, 477 U.S. at 255.

I will deny Allentown summary judgment for Ms. Knoll's gender discrimination claim based on her demotion.

3. Ms. Knoll's Termination

Ms. Knoll presents sufficient facts to establish a genuine issue of material fact concerning whether she was terminated because of her gender.

Allentown relies on an affidavit of James Maley, Allentown's labor relations officer during Ms. Knolls term of employment, to establish Ms. Knoll was terminated because she illegally tape recorded conversations with Allentown employees. Defendant's Motion for Partial Summary Judgment at Exh. A at ¶¶ 29-32. However, as discussed above, at her deposition Ms. Knoll testified the parks department's employees treated her differently and harassed her because she was a female. See, e.g., Plaintiff's Opposition to Defendant's Motion for Summary Judgment at Exh. B at 43-44; 46, 58-60, 65-67, 71, 166-6; Defendant's Motion for Summary Judgment at Exh. B. at 266-67. She also testified she was transferred a few months prior to her termination "to protect her." Plaintiff's Response to Defendants Motion at Exh. B at 75. She was one of only three females in the fifty employee parks department. Plaintiff's Statement of Facts at ¶ 8; Defendant's Response to Plaintiff's Facts at ¶ 8.

Whether Ms. Knoll was terminated because of her gender or because she tape recorded conversations is a material fact, and the differing testimony regarding the reason for Ms. Knoll's termination involve issues of credibility, which are for a jury. See Anderson, 477 U.S. at 255.

Similarly, although Allentown provides a legitimate nondiscriminatory reason for

the termination, i.e., Ms. Knoll illegally tape recorded conversations, Ms. Knoll establishes a genuine issue of material fact regarding whether this reason is pretext for discrimination. Whether Allentown's legitimate nondiscriminatory reason is pretext for discrimination is a material fact involving issues of credibility, which are for a jury to determine. See Anderson, 477 U.S. at 255.

Therefore, I find genuine issues of material fact exist, and summary judgment is not appropriate. See Rouse, 2009 WL 1337144, at *3.

**B.    Retaliation**

To establish a prima facie case of retaliation, the plaintiff must establish (1) she engaged in protected activity; (2) the defendant took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's adverse action. Weiler v. R&T Mech., Inc., 255 Fed. Appx. 665, 667-68 (3d Cir. 2007 (citing Moore v. City of Philadelphia, 461 F.3d 331, 341-42 (3d Cir.2006)).[5]

If the employee establishes the prima facie case of retaliation, "'the burden shifts to the employer to advance a legitimate, non-retaliatory reason' for its conduct and, if it does so, 'the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse

---

[5] "Protected activity includes filing Charges of Discrimination or making complaints about discriminatory employment practices." Wilson, 2009 WL 564955, at *10 n.10 (citing Abramson v. William Paterson College, 260 F.3d 265, 287-88 (3d Cir. 2001)).

employment action.'" Moore, 461 F.3d at 342 (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500-01 (3d Cir. 1997)).

Allentown does not dispute Ms. Knoll engaged in protected activity and suffered a materially adverse action. Defendant's Memorandum at 22. It challenges whether Ms. Knoll presents sufficient evidence of a causal connection between the protected activity and the employer's adverse actions, and whether she presents evidence Allentown's legitimate non-discriminatory reasons are pretext for retaliation. Id. at 22, 24-25.

To determine whether a causal connection exists, courts focus on the timing of the protected activity and adverse action and evidence of ongoing antagonism. Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997). To establish a casual link, the timing of the allegedly retaliatory action must be "'unusually suggestive' of retaliatory motive." Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 n.9 (3d Cir. 2003) (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997)). Two days between the protected activity and allegedly retaliatory action is sufficient to establish a causal connection. Jalil v. Advel Corp., 873 F.2d 701, 708 (3d Cir. 1989). Two months, however, is not "so close in time as to be unusually suggestive." Williams v. Phila. Housing Auth. Police Dept., 380 F.3d 751, 760-61 (3d Cir. 2004).

1. Ms. Knoll's demotion

Ms. Knoll made several complaints about discrimination and harassment.

13

Allentown argues her last complaint before her October 13, 2005 demotion was on August 8, 2005. However, Ms. Knoll testified she was informed of her demotion upon her return from an eight week worker's compensation leave of absence. Plaintiffs Response to Defendant's Motion at Exh. B at 40-41. She testified she required worker's compensation leave following an incident that occurred on August 8, 2005.[6] Eight weeks after August 8, 2005 was October 3, 2005. Therefore, Allentown demoted Ms. Knoll one week after her return from her worker's compensation leave, and she had filed a complaint of harassment the day her worker's compensation leave began.

Accordingly, even if her last complaint was August 8, 2005, because of her eight week leave of absence, she establishes a causal connection between her protected activity and her demotion. Shellenberger, 318 F.3d at 189 n.9 (temporal proximity can establish a causal connection where it is unusually suggestive).

In addition, although Allentown presented a legitimate non-retaliatory reason for Ms. Knoll's demotion, i.e., her poor performance and inability to work well with co-workers and the public, a genuine issue of material fact exists as to whether this reason is pretext for retaliation. Differing testimony exists regarding the reason for Ms. Knoll's demotion. See, e.g. Defendant's Motion for Partial Summary Judgment at Exh. C at ¶ 5; Plaintiff's Opposition to Defendant's Motion for Summary Judgment at Exh. B at 43-44;

---

[6] Ms. Knoll alleges parks department employees disconnected the springs to the trailer connected to her work truck. Defendant's Motion at Exh. A at ¶ 21. The trailer fell back, harming her. Id.

46, 58-60, 65-67, 71, 166-6; Defendant's Motion for Summary Judgment at Exh. B. at 266-67. Therefore, whether the reason is pretext involves issues of credibility, which are for a jury. See Anderson, 477 U.S. at 255.

Accordingly, I will deny Allentown's summary judgment motion on Ms. Knoll's retaliatory demotion claim.

### 2. Ms. Knoll's Termination

Allentown alleges Ms. Knoll's last complaint prior to her April 5, 2005 termination was in February 2006. However, when Ms. Knoll presented the tape recorded messages to human resources on March 31, 2006, she believed the recordings contained evidence of harassment. Defendant's Motion at Exh. A at ¶ 29. Her subsequent firing on April 5, 2006 was sufficiently close to her complaint of harassment on March 31, 2006 to establish a causal relationship. See Jalil, 873 F.2d at 708 (two days between the protected activity and the allegedly retaliatory action sufficient to establish causal connection).

In addition, although Allentown presented a legitimate non-retaliatory reason for Ms. Knoll's termination, i.e., she violated the law when she tape recorded conversations, a genuine issue of material fact exists as to whether this reason is pretext for retaliation. There is differing testimony regarding the true reason for termination. See Defendant's Motion for Partial Summary Judgment at Exh. C at ¶ 5; Opposition to Defendant's

Motion for Summary Judgment at Exh. B at 43-44; 46, 58-60, 65-67, 71, 166-6; Defendant's Motion for Summary Judgment at Exh. B. at 266-67. Therefore, whether the reason is pretext involves issues of credibility, which are for a jury. See Anderson, 477 U.S. at 255.

I will deny Allentown's summary judgment motion on Ms. Knoll's retaliatory termination claim.[7]

An appropriate order follows.

---

[7] Ms. Knoll's complaint also alleges she was retaliated against when she was transferred. Because neither party discusses this claim in the summary judgment motion, it is not addressed in this opinion.