IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERA KNOLL, | : | |
| | : | |
| Plaintiff | : | No. 08-CV-4692 |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 11 FEE AFFIDAVIT**

During oral argument on December 7, 2010, this Honorable Court allowed the Plaintiff a period of one week within which to respond to the Defendant's Affidavit which contained the time entries attributable to the Defendant's Motion for Sanctions. The Plaintiff's response thereto is set forth below:

**A. THE DEFENDANT'S MOTION FOR RULE 11 SANCTIONS WAS FILED IN VIOLATION OF THE SUPERVISORY RULE ENUNCIATED BY THE THIRD CIRCUIT COURT OF APPEALS**

**1. The District Court is Prevented by Operation of Law From Considering the Defendant's Post-judgment Rule 11 Motion.**

The ECF docket entries for July 2, 2010 contain the following entry: "Civil judgment order that judgment be and the same is hereby entered in favor of defendant, City of Allentown, and against, plaintiff, Tera Knoll. Signed by Honorable Lawrence F. Stengel on 7/1/10." The Defendant filed a Motion for Sanctions on September 27, 2010, almost three months after the entry of final judgment on July 2, 2010.  In Nicola v. Piscitelli, 2003 U.S. App. LEXIS 4408,*4-*8; 65 Fed. Appx. 759 (3rd Cir. March 11, 2003), the Third Circuit examined the entire history of

the supervisory rule that precludes post judgment filing of Rule 11 Motions for Sanctions, and provided the underlying rationale for the said rule:

> In <u>Pensiero v. Lingle</u>, 847 F.2d 90 (3d Cir. 1988), we crafted the ***supervisory rule*** [emphasis added] that a litigant must make a motion for sanctions prior to the entry of final judgment by the trial court where the allegedly sanctionable conduct occurred before the final judgment. In Pensiero, the plaintiff filed suit against the defendant, alleging various antitrust violations. The District Court granted summary judgment to the defendant, and the plaintiff appealed. While the plaintiff's appeal was pending, the defendant moved for sanctions against the plaintiff pursuant to Fed. R. Civ. P. 11. The District Court awarded sanctions against the plaintiff, and the plaintiff appealed. On appeal, we reversed on the ground that the defendant was required to make its motion for sanctions prior to the entry of a final judgment. We recognized that in <u>West v. Keve</u>, 721 F.2d 91 (3d Cir. 1983), we concluded that a plaintiff was permitted to file a motion for attorneys' fees in a civil rights action after the action had gone to final judgment. However, we observed that the policy considerations underlying our decision in <u>West</u> were not present in the case at bar. The plaintiff in West sought attorneys' fees pursuant to 42 U.S.C. § 1988(b), which permits trial courts adjudicating civil rights actions to "allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Accordingly, the District Court was only permitted to award attorneys' fees to the plaintiff if the plaintiff prevailed in the litigation. If the District Court were required to rule on the merits of the plaintiff's claims and his request for attorneys' fees simultaneously, the following situation might arise: the plaintiff might appeal the District Court's order; the Court of Appeals might reverse on the merits; and the District Court's award of attorneys' fees might thus become moot. It was therefore best to permit the District Court to adjudicate the merits of the plaintiff's claims, allow the litigants to appeal the District Court's decision on the merits if they saw fit, and then permit the District Court to award attorneys' fees to the prevailing party. An order of sanctions pursuant to Rule 11, we reasoned, is distinct from an order awarding attorneys' fees pursuant to Section 1988 in three respects. First, "[a] petition for statutory counsel fees routinely requests payment for relevant services performed during the whole course of the litigation." <u>Pensiero</u>, 847 F.2d at 98. By contrast, monetary sanctions under Fed. R. Civ. P. 11 "ordinarily will not include compensation for the entire case, but only for expenses generated by the Rule violation. " <u>Id</u>. at 99. Second, "promptness in filing [a] valid [Rule 11] motion[] will serve to . . . deter further violations of Rule 11 which might otherwise occur during the remainder of the litigation." <u>Id</u>. Section 1988, however, does not serve a deterrent purpose of that variety. Finally, a trial court is best suited to rule on the propriety of conduct

challenged in a Rule 11 motion at or near the time such conduct occurs, rather than later on, when the court's memory of the conduct at issue may have faded. Id.

Thus, it is prudent to compel litigants to move for sanctions during – rather than after – the proceedings in the trial court. In sum, in the context of Rule 11 sanctions, the judiciary's interest in preventing piecemeal appeals outweighs any reservations about compelling District Courts to rule on attorneys' fees issues that may later become moot. Accordingly, we found it appropriate to promulgate the supervisory rule that "all motions requesting Rule 11 sanctions [must] be filed in the district court before the entry of final judgment" where such motions arise out of conduct that occurred prior to the final judgment. Id. at 100. See also Simmerman v. Corino, 27 F.3d 58, 60 (3d Cir. 1994) (reaching the analogous conclusion that a District Court wishing to impose Rule 11 sanctions *sua sponte* must do so prior to or contemporaneously with its entry of final judgment). Later, in Prosser v. Prosser, 186 F.3d 403 (3d Cir. 1999), we extended the Pensiero rule to sanctions awarded - like the ones at issue here - pursuant to a trial court's inherent powers.  See Prosser, 186 F.3d at 406.

Under the Pensiero rule, which has been corroborated and augmented by the Third Circuit on several occasions, the Defendant's Rule 11 Motion ***could not be filed*** subsequent to July 2, 2010.

**B. THE DEFENDANT'S RULE 11 FEE AFFIDAVIT CONTAINS A NUMBER OF QUESTIONABLE ENTRIES**

Plaintiff, without waiving the objections to the late filing in violation of the Third Circuit's supervisory rule, as set forth above, hereby provides the following objections to the Defendant's Rule 11 Fee Affidavit:

**7-23-10**    This entry was for work allegedly performed by Defendant's attorneys when they received the Plaintiff's Motion for a new trial. This is work that would have had to have been done anyway, as the Plaintiff had a right to file a Motion for a New Trial.

**7-27-10**    Defendant cites 4.6 hours to research and draft letter to Plaintiff's counsel. However, this appears to be duplicative of the research defense counsel claims to have done on 7-23-10.

**7-28-10**    Defendant cites 4.9 hours to draft opposition to Motion for New Trial. However, in view of the fact that the Plaintiff filed a Motion for a New Trial as a matter of right, the Defendant has not provided a basis for the Court to conclude that this particular entry is in some way attributable to the Rule 11 Motion.

**8-04-10**    Defendant cites 2.10 hours to review brief in opposition to Motion for New Trial. This entry, however, is clearly related to the entry for 7-28-10, and it represents an attempt to "pad" the time entries.

**9-21-10 through 9-24-10**.    Defendant cites approximately eleven hours of legal work to file a Motion for Rule 11 Sanctions. However, the Motion itself is a direct reflection of the matters set forth in the letter to Plaintiff's counsel that was contained in the 7-27-10 time log. Clearly, therefore, this is a thinly camouflaged attempt to double bill.

**9-27-10**    Defendant cites over seven hours of legal work to respond to Plaintiff's Motion for Reconsideration. However, the Motion for Reconsideration was essentially a factually based motion. Therefore it is far from clear exactly how much "legal research" had to be conducted in order to respond to said motion.

**Hourly rates**: Plaintiff has no objections to the Defendant's hourly rates.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny and dismiss the Defendant's Motion for Rule 11 Sanctions.

                                                    Respectfully Submitted,

DATE: December 13, 2010                  s/ Donald P. Russo
                                           DONALD P. RUSSO, ESQUIRE
                                           Attorney for Plaintiff, Tera Knoll
                                           546 West Hamilton Street, Suite 315
                                           Allentown, PA 18101
                                           (610) 776-1840
                                           Attorney I.D. #25873

## **CERTIFICATE OF SERVICE**

I, Donald P. Russo, Esq. hereby certify that I served the Plaintiff's Response to Defendant's Rule 11 Fee Affidavit has been filed electronically with the Court on December 13, 2010, and is available for viewing and downloading from the ECF system.

Steven E. Hoffman, Esquire
Tallman, Hudders & Sorrentino
1611 Pond Road, Suite 300
Allentown, PA  18104
Ph # 610-391-1800 Fax # 610-391-1800

DATE:  December 13, 2010                            s/ Donald P. Russo
DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff
546 West Hamilton Street, Suite 315
Allentown, PA 18101
(610) 776-1840
Attorney I.D. #25873