IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERA KNOLL, | : | |
|     Plaintiff | : | Civil Action |
| | : | |
| v. | : | |
| | : | No. 08-cv-4692 |
| CITY OF ALLENTOWN, | : | |
|     Defendant | : | |

ORDER

AND NOW, this 8th day of February, 2012, upon consideration of the plaintiff's motion for reconsideration (Doc. # 48), and defendant's response thereto (Doc. # 50), it is hereby ORDERED that the motion is DENIED.[1]

BY THE COURT:

/s/LAWRENCE F. STENGEL
LAWRENCE F. STENGEL, J.

---

[1] "The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of." Drysdale v. Woeth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (quoting Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178 (E.D.Pa. June 3, 1997)).
    Tera Knoll argues reconsideration is required to correct a clear error of law. However, Ms. Knoll was aware of the requirement that she order a transcript or file a verified motion showing good cause for not doing so prior to the denial of her motion. This is not an error that results in "manifest injustice." In addition, as discussed in the opinion addressing defendant's motion for sanctions, Ms. Knoll's Motion for New trial is frivolous.